UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CR-304-BO
NO. 5:12-CV-616-BO

| | | |
|---|---|---|
| SOMSAK SAEKU, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion for reassignment of case and motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner, Mr. Saeku, was sentenced by this Court on November 12, 2008, to an aggregate term of 108 months' imprisonment following a jury trial wherein Mr. Saeku was convicted of two counts of wire fraud and one count of interstate transportation of stolen property. Mr. Saeku noticed a direct appeal, raising through counsel and a pro se brief numerous issues. The court of appeals affirmed this Court's judgment by opinion entered April 28, 2011. Mr. Saeku's petition for rehearing en banc was denied, as was his petition for writ of certiorari to the Supreme Court. Mr. Saeku then timely filed the instant § 2255 motion. Mr. Saeku has also filed a motion for reassignment of case with suggestion for recusal. The government opposes the motion for reassignment and has moved to dismiss Mr. Saeku's § 2255 motion.

## DISCUSSION

### Motion for Reassignment of Case

The Court considers first Mr. Saeku's motion for recusal. Mr. Saeku has provided no reason that the impartiality of the undersigned might reasonably be questioned, nor has he shown that any other basis for disqualification is present. 28 U.S.C. §§ 455(a),(b). Mr. Saeku's offered bases for this motion are that the undersigned was aligned with the prosecution during his criminal trial and Mr. Saeku's civil lawsuit filed against the undersigned and several other named defendants. *See* No. 5:12-CT-3041-FL.[1]

Neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of [earlier] proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Furthermore, even remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge." *Id.* at 555. Accordingly, in the absence of a sufficient showing to the contrary, the undersigned need not recuse himself and Mr. Saeku's motion is denied.

### Motion to Vacate, Set Aside, or Correct

I. <u>Issues previously raised on direct appeal</u>

In considering Mr. Saeku's § 2255 motion, the Court is constrained to dismiss any issues previously raised by Mr. Saeku on direct appeal as those issues may not be raised again recast under "the guise of collateral attack." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, the following of Mr. Saeku's claims are dismissed as he has previously

---

[1] The undersigned has been dismissed from the civil action [DE 6].

2

raised them on direct appeal: that the Court erred in allowing appointed counsel to dupe Mr. Saeku into self-representation [5];[2] challenge to the Court's voir dire and limitation of Mr. Saeku's peremptory challenges [6]; violation of Mr. Saeku's constitutional rights due to conduct of hearings outside of his presence [8].

II. Issues procedurally barred for failing to raise them on direct appeal

Several of the remainder of Mr. Saeku's claims are procedurally barred as he could have raised them on direct appeal but failed to do so. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Specifically, Mr. Saeku's claims that the prosecuting of this case was barred by the anti-shuttling doctrine [1], that the admission of evidence obtained by warrantless use of Global Position System violated the Fourth Amendment [2], that the warrantless search of his vehicle was unreasonable [3], that his conviction is invalid as having been obtained in violation of 18 U.S.C. § 201(c)(2) [7], and that his conviction was obtained in violation of the United States Constitution [10] all could have been raised during his direct appeal and have thus been procedurally defaulted. In order to overcome procedural default, Mr. Saeku must show either cause and actual prejudice or that he is actually innocent. *Id.* at 622; *see also United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

In order to show cause for failing to raise issues on direct appeal, a petitioner must show that something that "cannot be fairly attributed to him," such as a showing that a factual or legal basis was not reasonably available or some impediment by the government existed, prevented him from raising the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Mr. Saeku has demonstrated no cause for failing to raise the aforementioned issues on direct appeal; Mr. Saeku

---

[2]Numbers in brackets refer to Mr. Saeku's designation of issues in his § 2255 motion.

3

was not only represented by counsel while pursuing his appeal but was also permitted to file his own pro se brief. Moreover, arguments that Mr. Saeku makes here regarding any failures of his counsel cannot be the basis for cause; "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation . . .." *Id.*

Because Mr. Saeku cannot demonstrate cause, the Court need not consider whether he was actually prejudiced. As Mr. Saeku makes no argument that actual innocence should excuse his procedural default, these aforementioned claims are procedurally defaulted and must be dismissed.

III. Claims of ineffective assistance of counsel

Claims of ineffective assistance of counsel should generally be raised on collateral attack and not on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

4

The instant motion raises two claims of ineffective assistance of counsel. Mr. Saeku contends that trial and appellate counsel were ineffective for failing to move the court to dismiss the indictment on speedy trial grounds [4] and that counsel was ineffective in failing to move to suppress evidence obtained from an unlawful custodial interrogation [9]. The Court will address each contention in turn.

*Speedy Trial Act*

The court of appeals, reviewing this matter on direct appeal, concluded that no speedy trial violation occurred. Mr. Saeku's first argument, that he was not tried within seventy days of the indictment, was specifically addressed by the court of appeals and found to be without merit [DE 150 at 14-21]. Accordingly, as this issue was in fact raised on direct appeal and found to be without merit, there can be no resulting prejudice from trial counsel's failure to raise the issue prior to appeal. Mr. Saeku next argues that trial and appellate counsel were ineffective for failure to move for a dismissal under the Speedy Trial Act for the government's having failed to indict Mr. Saeku within thirty days of his arrest. 18 U.S.C. § 3161(b). The docket in this matter reflects that an indictment was returned against Mr. Saeku on October 10, 2007, and that he was subsequently arrested on these charges on December 10, 2007. If Mr. Saeku was in state custody at the time that the indictment in this matter was returned, no violation of the Speedy Trial Act occurred as the time limitations under 18 U.S.C. § 3161(b) do not begin until Mr. Saeku was taken into federal custody. *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995). As such, this claim is without merit and there can be no resulting prejudice for trial or appellate counsel's failure to raise it.

Mr. Saeku's last Speedy Trial Act violation argument arises from the fact that he

5

proceeded to trial one day after he appeared pro se and one day after his arraignment. Section 3161(c)(2) provides that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). Mr. Saeku moved to proceed pro se in this matter on September 4, 2008, and such motion was granted after the Court questioned Mr. Saeku and his counsel, who was appointed to appear as stand-by counsel, on September 9, 2008, just prior to commencement of trial. Counsel for Mr. Saeku filed a notice of appearance on December 11, 2007, and Mr. Saeku first appeared before the Court through counsel on March 4, 2008.

> When the defendant first appears through counsel, his later decision to proceed *pro se* should not trigger anew the thirty-day preparation period. To interpret the statute otherwise would enable a defendant to postpone his prosecution by deciding on the even of trial that he wants to dismiss his attorney and represent himself.

*United States v. Moya-Gomez*, 860 F.2d 706, 741-42 (7th Cir. 1988); *see also United States v. Williams*, 10 F.3d 1070, 1079 (4th Cir. 1993) (thirty day period under § 3161(c)(2) is measured from when defendant chooses to proceed pro se or when he first appears with counsel). As Mr. Saeku had appeared through counsel well-over thirty days before the commencement of trial, no violation of § 3161(c)(2) occurred and counsels' failure to raise the issue resulted in no prejudice. Mr. Saeku has therefore failed to demonstrate any resulting prejudice arising from any failure to raise Speedy Trial Act violations, and has thus failed to show that his trial or appellate counsel was constitutionally ineffective.

*Suppression of Evidence*

The court appeals has already considered and rejected Mr. Saeku's argument that the

Court erred in failing to exclude evidence obtained by prosecutors during a custodial interrogation in violation of Mr. Saeku's *Miranda* rights [DE 143 at 13]. *See also* Appellant's Br. at 66 ("Saeku respectfully asserts that the interrogation of him by law enforcement officers in this case was not predicated by an appropriate Miranda warning and he did not properly waive his constitutional rights in that regard."). Accordingly, as appellate counsel did in fact raise the issue and as it has been determined to be without merit, any failure by trial counsel to raise the *Miranda* issue resulted in no prejudice to Mr. Saeku. Mr. Saeku's claim of ineffective assistance of counsel as to this issue therefore fails.

Mr. Saeku has raised no claim in the instant motion that has not already been considered by the court of appeals or that could have been raised on direct appeal but was not, nor has he sufficiently shown that the assistance of his trial or appellate counsel was ineffective. The government's motion to dismiss is therefore granted.[3]

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by

---

[3]Insofar as it could be construed as a motion to amend, Mr. Saeku's discussion of amending his § 2255 motion, articulated in his response to the motion to dismiss, is denied. A pleading may be amended once as of right within twenty-one days of service of a motion to dismiss; beyond that period consent or leave of court is required. Fed. R. Civ. P. 15(a)(1)(B); 15(a)(2). Mr. Saeku's response to the motion to dismiss was filed beyond the twenty-one day period, and Mr. Saeku fails to state in his response that he would have consent to amend, nor does he reveal the amendments to his § 2255 motion that he would seek to make. The Court cannot, therefore, consider whether leave to amend would be prejudicial to the opposing party, whether there has been bad faith on the part of the moving party, or whether the amendment is futile. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Mr. Saeku's request is therefore denied.

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons discussed above, petitioner's motion for reassignment of case [DE 155] is DENIED, the government's motion to dismiss [DE 159] is GRANTED, and petitioner's motion to vacate, set aside, or correct sentence [DE 155] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 8 day of April, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE