IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-304-BO
No. 5:12-CV-616-BO

| | |
|---|---|
| SOMSAK SAEKU, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on a motion by petitioner pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting relief from final judgment of January 27, 2014, appointment of counsel, and to proceed *in forma pauperis*. Petitioner has also filed a motion for recusal of the undersigned. The government has responded by filing a motion to dismiss for lack of jurisdiction.

BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background of this matter as recited in its order of April 9, 2013. [DE 168]. Since the Court's dismissal of petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the merits, petitioner has filed motions requesting reconsideration of the Court's ruling and reassignment from or recusal of the undersigned. *See* [DE 171, 177, 179]. In the instant motion, petitioner invokes Fed. R. Civ. P. 60(b)(6) and asks the Court to set aside or vacate its January 27, 2014, order denying his request to re-open the judgment in this action and to allow him to proceed with this case. Specifically, petitioner asks the Court to reopen, set aside, and or vacate its final judgment, arguing that the Court may have overlooked particular facts or law of

the instant case. Petitioner argues that he was in poor health, penniless, incarcerated, and without representation at the time default judgment was entered against him, and that the Court in its order did not address several important claims that were made in the original § 2255 motion. Petitioner asks that the judgment of dismissal be vacated and for his § 2255 motion to proceed to judgment on the merits.

Petitioner filed the instant motions on July 6, 2017. It appears that petitioner was released from the custody of the Bureau of Prisons on February 2, 2016, *see* https://www.bop.gov/inmateloc/ (last visited April 23, 2018) and is now being held in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement for an immigration related matter in Texas. [DE 191].

## DISCUSSION

At the outset, and for those reasons expressed in its prior orders, [DE 168; 177], the undersigned has concluded that recusal is not warranted in this matter. Petitioner's request for recusal is therefore DENIED. On review of petitioner's Rule 60 motion, the Court concludes that it is without jurisdiction to consider it.

Although styled as a motion under Rule 60(b), petitioner's motion seeks that relief which would be granted by a successful motion under § 2255. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) ("longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions."). "[A Rule 60] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence." *Id.* at 207. However, where the motion "seek[s] a remedy for some defect in the collateral review process," it is a true Rule 60(b) motion and a district court may address the merits. *Id.*

2

Petitioner contends that his motion is a true Rule 60 motion as it attacks a defect in the prior § 2255 proceedings, namely the Court's failure to address several important claims that he made in his original § 2255 motion. These include claims that petitioner's attorney was ineffective for failing to pursue several critical issues before or during trial, which petitioner details in the instant motion to include filing a motion to suppress, a motion for violation of speedy trial rights, and challenging prosecutorial misconduct. [DE 191-1 at 19]. In support of his motion, petitioner cites *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006).

Contrary to petitioner's assertion, the Court considered his claims for ineffective assistance of counsel when ruling on the underlying § 2255 motion, specifically claims that counsel was ineffective for failing to file motions to suppress and for violations of the Speedy Trial Act. [DE 168 at 5]. Although petitioner mentioned prosecutorial misconduct several times throughout his lengthy § 2255 memorandum, he did not make any claim of ineffective assistance related to prosecutorial misconduct. Petitioner cannot now argue that the failure to address a claim which was not before the Court amounts to a defect in the integrity of the prior § 2255 proceeding. *See Richardson v. United States*, No. 2:96CR153, 2014 WL 3871225, at *3 (E.D. Va. Aug. 6, 2014).

In the absence of such a defect, the Court is constrained to re-characterize the motion as a section 2255 petition. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either " newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

3

As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as a second or successive § 2255 petition, and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See, e.g., United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished). Petitioner is not required to receive notice of the Court's re-characterization of the motion where, as here, it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss [DE 203] is GRANTED and petitioner's Rule 60(b) motion, construed herein as a second or successive § 2255 motion, [DE 191] is properly DISMISSED for want of jurisdiction; petitioner's request for appointment of counsel and to proceed *in forma pauperis* are DENIED AS MOOT. Petitioner's motion for recusal [DE 192] is DENIED.

4

A certificate of appealability is DENIED.

SO ORDERED, this 24 day of April, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE